HUNTINGTON, Respondent, v. KNAPP & SPENCER COM-
PANY, Appellant.

(145 N. W. 1066.)

**Bankruptcy—Act of Bankruptcy—Insolvency—Payment of Judgment From Debtor's Effects.**

In an action by a trustee in bankruptcy against a creditor of the bankrupt who had within four months prior to filing of petition in bankruptcy recovered judgment against him, which judgment was, prior to said filing, paid by debtor out of proceeds of a sale of his entire stock in trade, in which action recovery was sought for the amount of the judgment, an adjudication in involuntary bankruptcy having followed the petition; the issues being, whether the debtor was insolvent when said judgment was paid, and whether defendant at time of said payment had reasonable cause to believe that the debtor was insolvent at that time; held, the evidence before trial court upon those issues, being disputed questions of fact, was sufficient to justify findings in the affirmative under the issues.

(Opinion filed February 14, 1014.)

Appeal from Circuit Court, Brown County. Hon. FRANK McNULTY, Judge.

Action by Fred G. Huntington, as trustee in bankrupcy of Clarence E. Kaump, against the Knapp & Spencer Company, a corporation, to recover the amount of a judgment theretofore recovered by the present defendant against said bankrupt and which had been paid out of proceeds of the sale of the debtor's

stock in trade. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*M. E. Culhane,* and *Campbell & Walton,* for Appellant.

The trustee, the plaintiff herein, has not sustained the burden of proof. He has not by a preponderance of the evidence shown that Clarence E. Kaump, was insolvent at the time of the payment of the money to Knapp & Spencer Company in December, 1910.

Reasonable cause to believe does not exist where the creditor examines the debtor's books which do not reveal insolvency. 1 Loveland on Bankruptcy, 4th Ed. 1007; Neill-Pickney-Maxwell Co., 170 Fed. 481; Stratton v. Lawson, (Wash.) 67 Pac. 562; In re Bartlett, 172 Fed. 679.

Financial embarrassment is not always enough to show reasonable cause to believe. Butler v. Goembel, 143 Fed. bottom page 297 and top page 298.

*Alf. E. Boyesen, Henry H. Flor,* and *Fred G. Huntington,* for Respondent.

The evidence shows that Kaump's assets when levy was made on Dec. 1st, 1910, and thereafter until the judgment was paid, was as follows:

| | | |
|---|---|---|
| Stock of merchandise | | $2500.00 |
| Book accounts, face value | $ 811.00 | |
| Notes, face value | 1421.00 | |
| | $2232.00 | $2232.00 |
| Other property (p. 21) | | $ 350.00 |
| | | $5082.00 |
| Deducting 50% from face value of | | |
| account and note (p. 21) | | $1116.00 |
| | | $3966.00 |
| Total indebtedness | | $5510.09 |
| Total assets only | | 3966.00 |
| Deficiency | | $1544.09 |

Sec. 1. of the bankrupt act, Subd. 15, defines insolvency as follows:

"A Person shall be deemed insolvent within the provisions of this act whenever the aggregate of his property, shall not, at a fair valuation, be sufficient . in amount to pay his debts." And we cite: Walker v. Tennyson Bros. 94 . S. W. 166; In re Martin 27, A. M. Bk. 156.

Under all the circumstances, defendant and Culhane should have made a new inquiry on or before December 10th.

McCOY, J.   It appears from the record that one Kaump was engaged in the merchandising business at Broadland, S. D.; that he was indebted to Knapp & Spencer Company, defendant; that such indebtedness was past due and unpaid, and was placed in the hands of one Culhane, an attorney for colllection; that in July, 1910, Culhane called upon Kaump in relation to the payment of such indebtedness; that such indebtedness was not paid, and in November following a judgment was taken by Knapp & Spencer Company against Kaump on account of such indebtedness for the sum of $636.70, and on the 1st day of December execution was levied on the entire stock of merchandise of Kaump to satisfy said judgment and execution; that on the 10th day of December, Kaump, having made a sale of said merchandise, paid said judgment and costs, amounting to $711.57, from the proceeds of such sale; that on January 15, 1911, petition was filed in the federal court by other creditors to have Kaump adjudged an involuntary bankrupt, and on April 8, 1911, Kaump was adjudicated to be a bankrupt, and Fred G. Huntington, the plaintiff, appointed trustee in bankruptcy, who brings this suit to recover from Knapp & Spencer Company the said amount of $711.57 paid to satisfy said judgment, claiming that by such payment defendant secured an unlawful preference, in violation of the bankruptcy laws.   There were findings and judgment in favor of plaintiff and defendant appeals.

Two questions are presented on the merits:   First.   Does the evidence show that Kaump was insolvent at the time said payment was made satisfying said judgment?   Second.   Did defendant at the time of said payment have reasonable cause to believe that Kaump was insolvent at the time of said payment? These were both disputed questions of fact, in relation to each of which there was some conflict in the testimony.   We are

of the opinion there was sufficient evidence before the court to warrant and justify the findings of the trial court. It will serve no useful purpose to set out or further refer to the evidence herein. Assignments of error are made relating to the reception or rejection of evidence, all of which have been examined, and we are of the view that no prejudicial error exists therein.

The judgment and order appealed from are affirmed.