CITY OF WATERTOWN, Appellant, v. WATERTOWN LIGHT & POWER COMPANY, Respondent.

(173 N. W. 739).

(File No. 4561.   Opinion filed August 15, 1919.)

1. **Municipal   Corporations—City   Lighting—Franchise—"Lighting Streets" and "Erecting Lamp Posts for Conveying Lights," Charter Provisions Whether Authorizing Electric Lighting**
    A special city charter granting power to provide for lighting

of streets and public grounds, laying of gas pipes, erecting of lamp posts and conveying electric lights and to regulate distribution, sale and use of gas or other illuminating fluids impliedly authorizes an ordinance granting franchise for furnishing of electric current to the people.

2. Municipal Corporations—Rate Charges for Electric Current, Changing of Without Council's Consent—Franchise Fixing Maximum Rate, As Contract—Non-impairment of Contract by Constitutional Amendment, Statute, or Charter Change—Limit of Rate Fixing—Submission of Rates for Approval, Effect.

Under a city franchise conferring right to charge a maximum rate per kilowatt hour for electricity furnished consumers, with power to charge "a less rate or rates consistent with the uses for which it may be put," and to enable grantees to successfully compete with like systems of work or other agency employed in lighting, heating or other use to which electricity may be put, such grantee could change its schedule of charges for electric current without consent or approval of city council; the granting of the franchise fixing maximum rate being a contract, and, when it does not reserve to city future control of rates, or the constitution or statute involved does not reserve to city future control over rates, including power to change same, the franchise becomes a binding contract not subject to impairment; nor could such contract be impaired by constitutional amendment or by statute change; nor does the fact that the city thereafter became organized under general law or a new special charter, authorize such impairment. Held, further, that in such case the corporation grantee has contractual right to charge such rates as to it may seem best, within the limits of the maximum so fixed, nor does the fact that it may at times have submitted rates to the city for its approval compel it to do so again, it not being bound to make such submission, which submission with approval thereof, would not effectuate amendment of franchise as to rate making power.

3. Municipal Corporations—Police Power as Municipal Governmental Power—Power to Bind Successor—Rate Fixing re Public Service Franchise, as Administrative Power—Two Powers Defined.

Two classes of power reside in a municipality; one, powers governmental in nature, the other partaking of administrative or business nature. To the first belongs the police power, in exercise of which a city council may not bind its successors; but it has power, when authorized by state constitution or statute law, to contract for rendering of public service by individuals or private corporations, and in such contract fix rates to be charged therefor.

Appeal from Circuit Court, Codington County. HON. WILLIAM N. SKINNER, Judge.

Action by the City of Watertown, a municipal Corporation, against the Watertown Light & Power Company, a corporation, to restrain defendant from putting into effect a new schedule of rates for electrical current to be furnished by it to its patrons in plaintiff city. From an order denying an injunction, plaintiff appeals. Affirmed.

*Arthur L. Sherin*, for Appellant.

*Isaac E. Congdon*, and *J. G. McFarland*, for Respondent.

(2) To point two of the opinion, Appellant cited:

City of Mitchell v. Dakota Central Telephone Co., (S. D.) 127 N. W. 584; Omaha Water Co. v. City of Omaha, 77 C. C. A., 267, 127 Fed. 1, 12 L. R. A. (N. S.) 726.

Respondent cited:

Detroit v. Detroit Citizens Street Railway Company, 184 U. S. 368; 46 L. Ed. 592; City of Rushville v. Rushville Natural Gas Co., 164 Ind. 162, 3 Am. & Eng. Ann. Cas. 86; City of Cleveland v. Cleveland City Railway Company, 194 U. S. 617, 48 L. Ed. 1102, 12 R. C. L., pages 207 and 208.

(3) To point three, respondent cited, re police power:

City of Walla Walla v. Walla Walla Water Co., 172 U. S. 43, L. Ed. 341; Mayor, etc., of New York v. Second Avenue Railway Company, 32 N. Y. 261.

WHITING, J. This action was brought by plaintiff city to restrain defendant from putting in effect a new schedule of rates for electrical current to be furnished by defendant to its patrons in plaintiff city. It appears from the allegations of the complaint that the said city, by ordinance, did, some 10 years ago, grant to certain parties a franchise under which such parties were authorized to install in said city, an electric light plant, together with the necessary poles, wires, cables, etc. It is undisputed that defendant has succeeded to all of said parties' rights under such franchise. This franchise was to extend for 20 years. One of the provisions of said franchise was:

"The grantee shall have the right to charge a maximum rate of fifteen cents per kilowatt hour for electricity furnished consumers connected to its system, but said grantee shall have

the right to charge for such electricity a less rate or rates consistent with the uses for which it may be put, and to enable said grantee to successfully compete with like systems of work or other agencies employed in lighting, heating or other uses to which electricity may be put."

It was also provided in such franchise that the grantees therein should furnish services "under reasonable regulations, to be approved by the city council of said city," and further that said grantees should have the right to make such rules and regulations, not in conflict with the provisions of said franchise or with the laws of this state or of public policy, as might be necessary for the sale of current and the proper conduct of such grantees' said business "subject to the consent and approval of the city council of said city". It is alleged that, after the passage of such ordinance and the granting of such franchise, defendant did submit to the city council of plaintiff a schedule of prices for the sale of electricity in said city, which said schedule was approved by the city and afterwards acted upon by the defendant. It is alleged that in 1918 defendant promulgated a new schedule of prices, materially increasing the prices that had been theretofore established under the approval of the city council, but in no case exceeding 15 cents per kilowatt hour; and it is alleged that said defendant intends to and is about to enforce the payment of such prices. It is to restrain the putting into effect of such schedule of prices that this action is brought. Defendant demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was sustained, and this appeal is from the order sustaining same.

[1] At the time that the ordinance granting the franchise was enacted, plaintiff city was operating under a special charter which granted to such city the power—
"to provide for the lighting of streets and public grounds, the laying down of gas pipes, and erecting of lamp posts for conveying electric lights, telegraph and telephone lines, and to regulate the distribution, sale and use of gas or other illuminative fluids."

Since such ordinance was passed, plaintiff city has become incorporated under the general laws of the state.

Appellant, for the first time in this court, urges that it never

had the power to grant the original franchise. There is no merit in such position. The provision above quoted, taken from the special charter, gave it implied authority to contract for the furnishing of electric current to its people.

[2, 3] Appellant also contends that, under the provisions of the franchise hereinbefore quoted, defendant had no right to change its schedule of charges for electric current save and except with the consent and approval of the city council. In this appellant is clearly in error. There are two classes of power residing in a municipality, one purely governmental in its nature, the other partaking of administrative or business nature. To the first of these belongs the police power, and in the exercise of such police power a city council can in no manner bind its successors; but a city has full power, when authorized either by the Constitution of the state or by legislative enactment, to contract for the rendering of public service by individuals or private corporations, and in such contract fix the rates to be charged for such service. The granting of a franchise fixing a maximum rate is a contract, and, when the franchise itself does not reserve to the city future control of the rates to be charged for service, or the Constitution or statute under which city acted in granting the franchise does not reserve to such city future control over such rates, including the power to change same, such franchise becomes a binding contract no more subject to impairment than would be the contract of individuals. Such a contract could not be impaired by an amendment of the Constitution, nor by a change of the statutory law, nor by the fact that the city becomes organized under general law or under a new special charter. It follows that, in a case such as this, the public service corporation has the absolute contractual right to charge such rates as to it may seem best, so long as it keeps within its contract by not charging in excess of the price fixed thereby. The fact that it may, at certain times, have submitted rates to the corporation for its approval, does not compel it to do so again. It was not bound to so submit its rates, and the submission thereof and approval of the same would not have the effect of amending the franchise which had been granted to it. The propositions above stated are fully sustained by the following authorities: Omaha Water Co. v. City of Omaha, 77 C. C. A. 267, 147 Fed.

1, 12 L. R. A. (N. S.) 736, 8 Ann. Cas. 614; Russel v. Sebastian, 233 U. S. 195, 34 Sup. Ct. 517, 58 L. Ed. 912, L. R. A. 1918E, 882, Ann. Cas. 1914C, 1282; Detroit v. Detroit Citizens' Street Railway Co., 184 U. S. 368, 22 Sup. Ct. 410, 46 L. Ed. 592; State v. Laclede Gaslight Co., 102 Mo. 472, 14 S. W. 974, 15 S. W. 383, 22 Am. St. Rep. 789; City of Moorhead v. Union Light, Heat & Power Co. (D. C.), 255 Fed. 921. The opinion in the Omaha Case so fully covers every material question before us that we might well have sustained the lower court and merely referred to such opinion for a statement of our reasons.

The order appealed from is affirmed.