ARTIFICIAL ICE COMPANY, Respondent, v. PRATT et al. (Pratt, Appellant.)

(176 N. W. 45.)

(File No. 4621.   Opinion filed January 30, 1920.

1. **Appeals—Error—Findings on Conflicting Evidence—Evidence Justifying Finding Either Way, Effect—Chattel Foreclosure, Counterclaim Payment Appropriated By Third Party, Evidence Re.**

    Findings of fact based on conflicting evidence will not be reversed on appeal unless the clear preponderance is against them, and where the evidence submitted on either side, if believed, might have justified finding and judgment either way, trial court, considering circumstance and witnesses, having found for plaintiff, the finding will stand. So held, where in foreclosure of chattel mortgage, mortgagor counterclaimed for proceeds of produce turned over to plaintiff's agent, the same having been applied by agent to an individual indebtedness.

2. **Foreclosure—Chattel Mortgage, Equitable Counterclaim—Municipal Court Trial, Jurisdiction Re—Statute.**

    The court foreclosure of a chattel mortgage being exercise of equitable jurisdiction, an equitable counterclaim may be tried out in the municipal court, which is given jurisdiction to foreclose chattel mortgages (Sec. 2123, Code 1919), and where the equitable counterclaim grows out of same transaction as chattel mortgage, or is directly connected therewith, it may be interposed in said court.

3. **Actions—Pertinent Matters Triable in One Action—Municipal Courts—Special Equity Jurisdiction, Equitable Counterclaim As Incident—Procedure, General Policy.**

> The general policy of our system of civil procedure, is that all matters pertinent to a legal controversy be determined in one action; and while general equitable jurisdiction has not been conferred on municipal courts, yet whenever special jurisdiction is conferred, it carries with it as inherently incident, jurisdiction to determine the whole controversy including equitable counterclaims pertinent to the cause of action alleged.

4. **Foreclosure—Chattel Mortgage, Defense of Payment—Counterclaim Payment Appropriated by Third Party—Creditor's Several Claims Distinguished**

> Where, under mortgagor's counterclaim in a suit to foreclose chattel mortgage, defendant's agent showed he had delivered to mortgagee corporation's secretary potatoes, proceeds of which were to be applied on the mortgage, but were applied by the secretary on the sole individual indebtedness to him from mortgagor, held, that defendant's claim that such proceeds were applied to a debt not due, is countered by evidence that the individual debt was due; and again, the case differs from one where a creditor has several debts against same debtor; trial court having applied the payment on the secretary's debt under evidence of an express agreement; the statute concerning application of money paid by a debtor having no application.

Appeal from the Municipal Court of the City of Sioux Falls.    Hon. MARTIN BERGH, Judge.

Action by the Artificial Ice Company, a corporation, against H. K. Pratt and others, to foreclose a chattel mortgage; defendant Pratt counter claiming as defense.    From a judgment for plaintiff, and from an order denying a new trial, defendant Pratt appeals.    Affirmed.

*Christopherson, Melquist & Davenport,* for Appellant.

*Jones & Mathews,* and *T. G. Owen,* for Respondent.

(2)    To point two of the opinion, Appellant cited:    Poulson v. Markus, 34 S. D. 428; Edward C. Plume Co. v. Voedish Jewelry Co., 39 S. D. 222; Rosenbaum v. Foss, 56 N. W. 114; Sec. 2123, Rev. Code 1919; Salmonson v. Horswill, 164 N. W. 973.

McCOY, P. J.    Action to foreclose chattel mortgage. Defendant interpose the defense of payment.    Finding and judgment were for plaintiff, and defendant appeals.

It appears from the record that respondent sold to ap-

pellant a team for horses for $285, and that appellant on April 12, 1918, gave to respondent a note and chattel mortgage on the team as security for the payment of said purchase price, which note became due November 1, 1918. Appellant thereafter paid $79.28 on said note, which payment is conceded by respondent. Appellant contends that, in addition to the said payment, he delivered to one Newell, secretary of respondent, at respondent's place of business, certain potatoes, to be sold and the proceeds to be credited on said note secured by said mortgage; that said potatoes were sold, and the proceeds thereof, $235, delivered to Newell; that Newell failed to credit said $235, potato proceeds, on said secured note, but applied the same in payment of another indebtedness of appellant to Newell personally. Respondent contends that appellant was justly indebted to said Newell personally in the sum of $270, and that by express agreement with appellant the proceeds of said potatoes was applied on said individual debt owing to Newell. There was very sharp conflict in the testimony. Appellant testified that, when he delivered said potatoes, he requested that the proceeds thereof be applied on said note secured by said mortgage, and Newell testified that it was expressly agreed between them that the potato proceeds should be applied on the individual debt of Newell.

[1] The entire legal rights of these parties must be controlled by the facts. Findings of fact, based upon conflicting evidence, will not be reversed on appeal, unless the clear preponderance of the evidence is against such findings. We cannot say that such is the case here. There was evidence submitted on either side which, if believed by the court, might have justified a finding and judgment either way; but the evidence was of such a conflicting nature that the court must find for one or the other of these parties, taking into consideration all the surrounding circumstances, and the appearance of the several witnesses, and their demeanor on the witness stand. The court having found in favor of plaintiff, under such conflicting testimony, such findings will not be disturbed by this court.

[2, 3] Appellant urges that the trial court had no jurisdiction to try this case, because of the alleged equitable counterclaim interposed. We are of the opinion that in this particular

character of action·an equitable counterclaim may be interposed and tried out in the municipal court. The statute expressly provides that the municipal courts have jurisdiction of actions to foreclose chattel mortgages. Section 2123, Code 1919. The foreclosure of a chattel mortgage is the exercise of equitable jurisdiction." Where the equitable counterclaim grows out of the same transaction as the chattel mortgage sought to be fore-closed, or is directly connected therewith, we know of no good reason why the same should not be interposed in the fore-closure suit in the municipal court. The general policy of our system of civil procedure is that all matters pertinent to a legal controversy be determined in one action. General equity jurisdiction has not been conferred upon municipal courts, but wherever special equity jurisdiction has been conferred, we are of the view that it carries with it as inherently incident juris-diction to determine the whole controversy, including an equit-able counter claim pertinent to the cause of action alleged.

[4] Appellant also urges, as a matter of law, that said potato proceeds should have been applied on the mortgage indebtedness, which was due, instead of on the individual debt of Newell, which was not due. The trouble with this proposi-tion is that under the evidence of Newell the individual debt to him became due in September, 1918. Again, this is not a case where a creditor has two or more claims or debts against the same debtor. In this case respondent only held one claim or debt against appellant. Newell, as an individual, applied such proceeds on the debt he held as an individual against appellant. Under the evidence, which the trial court had the right to and evidently did believe, the application was made on the indi-vidual debt by express agreement. Under such circumstances, the statute in relation to the application of money paid by a debtor·has no application.

The judgment and order appealed from are affirmed.