FIRST NATIONAL BANK OF EGAN, Respondent, v. TAY-LOR, et al, Appellants (Walkin, Intervener and Respondent.)

(184 N. W. 244.)

(File No. 4877.   Opinion filed August 31, 1921.   Rehearing denied November 22, 1921.)

**Fraudulent Conveyances—Judgment Creditors—Conflictng Evdience, Facts Only Involved—Findings Not Against Clear Preponderance—Affirmance.**

In an action by judgment creditors against defendant grantor and his alleged fraudulent grantees, to set aside such conveyances, the evidence being voluminous and quite conflicting, and facts only being involved; **held**, that, findings not being against clear preponderance of evidence, judgment and order appealed from are affirmed.

Whiting, J., not sitting.

Appeal from Circuit Court, Day County. Hon. FRANK ANDERSON, Judge.

Action by First National Bank of Egan, a corporation, against A. I .Taylor, also known as Albert I. Taylor, and others; John Walkin, Intervener, as judgment creditors to have set aside certain conveyances as fraudulent. From a judgment for plaintiff

and the intervener, and from an order denying a new trial, defendants appeal. Affirmed.

*Parliman & Parliman,* for Appellants.

*Rice & Rice,* and *Waddel & Dougherty,* for Respondent.

*Loucks, Hasche & Foley,* for Intervener and Respondent.

McCOY, J.  This action was instituted by plaintiff and also the intervener, as judgment creditors of Albert I. Taylor, defendant, to have certain real estate transfers and mortgages made by the said defendant Albert I. Taylor to the defendants John C. Taylor and Lottie Jennie Taylor set aside on the ground that such transfers and mortgages were made with the fraudulent intent and purpose of defrauding, hindering, and delaying the said creditors of the said Albert I. Taylor in the collection of their debts. The trial court made findings of fact and conclusions of law in favor of the plaintiff and the intervener. From a judgment in favor of plaintiff and intervener, and order denying new trial, the defendants appeal.

The vital question presented is the sufficiency of the evidence to sustain the findings of fact. The evidence is voluminous and quite conflicting, and it will serve no useful purpose to make a resume thereof in this opinion. This appeal involves only questions of fact. On numerous occasions this court has held that it will not disturb findings of the trial court based on conflicting testimony. In this case the learned trial court saw and heard the witnesses testify, observed their demeanor on the witness stand, and gave such credence thereto as he deemed the same entitled. We cannot say that the findings as made are against the clear preponderance of the evidence. All assignments of error have been carefully considered.

Finding no prejudicial error in the record, the judgment and order appealed from are affirmed.

WHITING, J., not sitting.