CITY OF WAGNER, Appellant, v. SOUTH DAKOTA LIGHT & POWER CO., Respondent.

(193 N. W. 129.)

(File No. 5176. Opinion filed April 3, 1923.)

1. **Electricity—Pleadings—Rates—Demurrer—Complaint in Suit to Restrain Rates Exceeding Franchise Held Not Demurrable**

   A complaint in a suit by a city to restrain a light and power company from charging rates in excess of the maximum specified in the franchise ordinance, which did not allege that the rates were unreasonable, held not subject to demurrer.

2. **Electricity — Injunctions — Rates—Dissolving Temporary Injunction Against Collecting Rates Exceeding Those Allowed by Franchise Held Not Abuse of Discretion.**

   In a suit by a city to restrain a light and power company from charging rates for electric current in excess of the maximum rate specified in its franchise ordinance, held, that it was not an abuse of discretion for the trial court to dissolve a temporary injunction; a showing being made by defendant which would have justified a denial of the injunction originally.

3. **Electricity—Rates—City Cannot by Inaction Continue Confiscatory Rates at its Pleasure.**

   A city cannot, by inaction and by refusal to adopt reasonable rates to be charged by a light and power company, continue confiscatory rates in effect at its pleasure, and it is immaterial whether the question arises in an action brought by the city or in an action brought by a public service company.

   Dillon, J., dissenting.

Appeal from Circuit Court, Charles Mix County; Hon. R. B. Tripp, Judge.

Action by the City of Wagner against the South Dakota Light & Power Company, for an injunction. From an order dissolving a temporary injunction and sustaining a demurrer to the complaint, plaintiff appeals. Reversed in part and sustained in part.

*Caster & Cassidy,* of Lake Andes, and *F. J. Farley,* of Wagner, for Appellant.

*E. P. Wanzer,* of Armour, for Respondent.

Appellant cited: Creston Waterworks Co. v. City of Creston (Ia.), 70 N. W. 739; Stanislaus County v. San Joaquin & K. R. Canal & Irrigation Co., 192 U. S. 201; Manitowoc v. Manitowoc & N. C. Traction Co., 129 N. W. 925; Wooburn v. Pub. Service Commission (Ore.), 161 Pac. 391; City of Benwood et al v. Public Service Commission (W. Va.), 1915C L. R. A. 261; Salt Lake City v. Utah Light & Traction Co. (Utah), 173 Pac. 715; Town of Woodward v. Iowa Ry. & Light Co. (Ia.), 178 N. W. 549.

Respondent cited: City of Lead et al v. Western Gas and Fuel Co., 184 N. W. 244; Town of Woodward et al v. Iowa Ry. & Light Co., 178 N. W. 551.

GATES, J. This is an action for injunction brought by the plaintiff city against the defendant public service corporation to prevent it from charging and collecting rates for electric current in excess of the maximum rates specified in its franchise ordinance. Defendant furnished electricity to numerous cities and towns in the southern part of the state, among them this plaintiff. Defendant, finding itself unable to continue to serve its customers at existing rates sought consent to increase them 25 per cent. All the cities and towns except plaintiff consented to or acquiesced in the proposed rates. Plaintiff refused, and thereupon brought this action. Application was made for a temporary injunction. The defendant submitted affidavits tending to show that for some time it had been, and was, running its plant at a heavy loss, owing to the great advance in the cost of labor and materials resulting from the World War, and that it must either have an advance in rates or discontinue its business. This showing was not contradicted by the city. The trial court, under the authority of City of Watertown v. Watertown Light & Power Co., 42 S. D. 220, 173 N. W. 739, granted the temporary injunction. After the decision was announced in City of Lead v. Western Gas & Fuel Co., 44 S. D. 510, 184 N. W. 244, which in part reversed the holding in the Watertown case, the defendant moved for a dissolution of the injunction, and asked leave to withdraw its answer for the pur-

pose of filing a demurrer to the complaint. Such leave was granted, and a demurrer was filed challenging the sufficiency of the facts alleged in the complaint. In one order the trial court dissolved the temporary injunction and sustained the demurrer to the complaint. Therefrom plaintiff city appeals.

In City of Mitchell v. Mitchell Power Co., 46 S. D. 110, 190 N. W. 1013, we had a situation somewhat similar to the one here presented, except that there no opposing facts were presented by the public service corporation upon the application for the temporary injunction. In considering that portion of the appeal relating to the sustaining of the demurrer to the complaint we said:

"While the city and the defendant's predecessor were powerless to make an irrevocable contract as to rates (City of Lead v. Western Gas & Fuel Co., 44 S. D. 510, 184 N. W. 244; Id., 45 S. D. 280, 187 N. W. 162; City of Mitchell v. Board of R. R. Com'rs, 44 S. D. 430, 184 N. W. 246), yet the rate specified in the franchise will, in the absence of negative allegations, be presumed to be a reasonable rate for the purpose of considering the sufficiency of the complaint on demurrer."

[1] Following that ruling, we must reverse that portion of the order which sustains the demurrer to the complaint, for there is nothing in the complaint here, as there was not there, which alleges that the franchise rates were unreasonable.

[2] But the situation here is different in respect to the order dissolving the temporary injunction. As above set forth, a showing was made by the defendant public service corporation which would have justified a denial of the temporary injunction if it had not been for the decision in the Watertown case. We cannot say that the trial court would have abused its proper discretion if it had then denied the temporary injunction (except for the Watertown decision). The force of that decision having been taken away by the decision in the Lead case, we cannot now say that the trial court has abused its discretion in dissolving the temporary injunction.

[3] It must be remembered that the case is not here upon its merits, but only upon the correctness of the order made by the trial court. Referring now to that portion of the order which dissolved the temporary injunction, the only question is: Did the

trial court abuse its discretion in so doing? The issue on that question is simple. On the part of plaintiff we have the presumption that the franchise rates are reasonable. On the part of defendant we have the undisputed showing that they are unreasonable and confiscatory. A presumption cannot stand against such showing. The city contends that the franchise rates must be continued unless and until it changes them regardless of whether they are or are not confiscatory. Such is not the law. The city cannot by inaction and by refusal to adopt reasonable rates continue confiscatory rates in effect at its pleasure, and it matters not whether the question arises in an action brought by the city or in an action brought by the public service company.

That portion of the order appealed from which sustains the demurrer to the complaint will be reversed; that portion which dissolves the temporary injunction will be sustained. No costs will be taxed in this court.

DILLON, J. (dissenting). I cannot agree with the conclusion reached in this cause. In my judgment the order vacating the injunction and sustaining the demurrer should be reversed.

It is said: "The city and the defendant's predecessor were powerless to make an irrevocable contract as to rates." This statement is somewhat misleading. It must be admitted that the city and the company could agree upon reasonable rates, and when they did so the contract would be binding, and it would remain binding until it was changed by the Legislature, the city, or consent of the parties. All rates must be reasonable. When the defendant accepted and agreed to the ordinance, the agreement was subject to the exercise of the police power of the state, and the rate subject-matter was embodied into the contract. The burden was then upon the defendant to show that these rates were unreasonable.

Insolvency necessitating the going out of business may make it impossible to enforce the contract; yet the legal interpretation of the contract remains the same whether the company is solvent or insolvent. The solvency question affects only the remedy. "The presumption is that the rates fixed by ordinance and agreement are fair and reasonable. Town of Woodward v. Iowa Ry. & Light Co., 189 Iowa 518, 178 N. W. 549."

It is no defense to say that the contract cannot be enforced because of insolvency; neither can it be said that there is no contract when there is one, and thus confuse a legal interpretation of the contract with the remedy for its enforcement. Defendant may defeat the obligation by its inability to fulfill that obligation, but it is obligated just the same as a matter of law.

Defendant ought not to be permitted to fix its own rates. Its grievances on the rates so agreed to can be remedied by applying to the city authorities to compel the fixing of just and reasonable rates.

Note—Reported in 193 N. W. 129. See American Key-Numbered Digest, (1) Electricity, Key-No. 11, 20 C. J. Sec. 33; (2) Electricity, Key-No. 11, 20 C. J. Sec. 33; (3) Electricity, Key-No. 11, 20 C. J. Sec. 29, 9 R. C. L. 1191.

On power of municipality apart from contract to regulate rates to be charged by lighting company, see notes in 33 L. R. A. (N. S.) 759 and 43 L. R. A. (N. S.) 994.