FIRST NATIONAL BANK OF MOBRIDGE, Respondent, v. DONALDSON, Appellant.

(193 N. W. 143.)

(File No. 5131.    Opinion filed April 13, 1923.) .

**Bills and Notes—Accommodation Papers—Evidence Held to Show Notes Sued on Accommodation Paper.**

In action to foreclose a mortgage on chattels securing notes, and to foreclose a real estate mortgage securing another note collateral to the notes securing the chattel mortgage, evidence held to show that the notes sued on were accommodation paper.

Appeal from Circuit Court, Walworth County; HON. J. H. BOTTUM, Judge.

Action by the First National Bank of Mobridge against Ft. Donaldson. From a judgment for plaintiff, and order denying new trial, defendant appeals. Reversed and remanded.

*Lewis W. Bicknell,* of Webster, and *Wm. M. Potts,* of Mobridge, for Appellant.

*A. A. Brown* and *Julius Skaug,* both of Mobridge, for Respondent.

GATES, J. This is an action brought to foreclose a mortgage upon chattels securing three promissory notes of defendant

aggregating the principal sum of $7,089.60, and to foreclose a real estate mortgage securing a $10,000 note collateral to the above indebtedness. The trial court found that there was due the principal sum of $7,089.60 with interest, decreed the foreclosure of the chattel mortgage, and, in the event sufficient funds were not realized, then the foreclosure of the real estate mortgage. Defendant appeals from the judgment and order denying new trial.

It is appellant's contention that practically the entire amount of the alleged indebtedness originated in accommodation paper. He produced a statement signed by J. W. Harris September 25, 1912, designated as Exhibit 53, wherein Harris acknowledged the receipt from defendant of two notes for $2,500 each, dated October 15, 1911, and due October 16, 1912, and one note for $2,500, dated September 25, 1911, and due December 25, 1911, and stated that these notes were to be paid by him. These were renewed by the bank from time to time. At that time Harris was the president and manager of the Mobridge State Bank, which afterwards became this plaintiff, but he died before this action was begun. Another letter from Harris, as president, to defendant, designated Exhibit 55, with reference to a note for $1,534.21, acknowledged that the real debt to the bank was only $534.21, and that he had indorsed $1,000 thereon.

It is our opinion that the clear preponderance of the evidence shows that defendant was entitled to a set-off in the sum of $3,320, with interest on account of note No. 9921, that being a renewal of one of the $2,500 notes mentioned in Exhibit 53, and to a set-off in the sum of $1,793.34, with interest, on account of note No. 9920, that being a renewal of said note of $1,534.21. There is also sufficient uncertainty as to whether defendant should not also be entitled to a further set-off on account of another of said $2,500 notes mentioned in Exhibit 53, as disclosed in his proposed finding XVI, to justify further investigation.

The judgment and order appealed from are reversed, and the cause is remanded for a new trial.

Note—Reported in 193 N. W. 143. See American Key-Numbered Digest, Bills and Notes, Key-No. 518(2), 8 C. J. Sec. 1359.