SERRY, Appellant, v. CUSTER COUNTY et al, Respondents.

(193 N. W. 143.)

(File No. 5159.   Opinion filed April 13, 1923.)

**Appeal and Error—Findings of Fact—Findings of Trial Court Not Disturbed Unless Clearly Against Preponderance of Evidence.**

Findings of a trial will not be set aside because of insufficiency of evidence unless the record discloses a clear preponderance of evidence against such findings.

Appeal from Circuit Court, Custer County; Hon. Walter G. Miser, Judge.

Action by Edward E. Serry against the County of Custer and others.   From a judgment for defendants, and an order denying a motion for new trial, plaintiff appeals.   Affirmed.

*Chas. S. Eastman,* of Hot Springs, and *Thomas E. Eastman,* of Rapid City, for Appellant.

*F. W. Sellers,* of Custer, and *Helm & Lewis,* of Hot Springs, for Respondents.

Respondents cited:   Winter v. Johnson (S. D.), 131 N. W. 1020; Shearer v. Hutterische, etc., (S. D.), 134 N. W. 63; Reed v. Boland (S. D.), 140 N. W. 691; Davis v. Davis (S. D.), 137 N. W. 283; La Penoitiere v. Kellar (S. D.), 137 N. W. 382; Squire v. Mitchell (S. D.), 143 N. W. 277; Danielson v. Gustafson (S. D.), 146 N. W. 562; Parsons v. Hanson (S. D.); Kroeger v. Warren (S. D.), 141 N. W. 395; Ind. Pub. Co. v. Stanley (S. D.), 141 N. W. 366; Huntington v. Knapp (S. D.), 145 N. W. 1066.

ANDERSON, P. J.   Action brought to restrain defendants, Custer county and its commissioners, from tearing down certain gates, fences, and opening an alleged road through plaintiff's lands.   To the complaint defendants answered by way of general denial, and by setting up the defense of estoppel on the part of plaintiff to question defendants' right to travel the road through plaintiff's lands.   Defendants contend that a bona fide highway had been laid out across plaintiff's lands, and further contend that plaintiff has accepted the benefits of the action of the county and county commissioners of Custer county in connection with building and maintaining the said highway. Defendants claim that they have a right to the use of said road by reason of more than 20

years' continuous, notorious, and adverse user by the public long prior to the time plaintiff and his immediate grantor made entry upon the lands in question under the homestead laws. The case was tried to the court without a jury, and at the close of the trial the court made findings in favor of defendants and against plaintiff upon all the issues, together with conclusions of law, and pursuant to which judgment was duly entered. Based upon the findings, conclusions, and judgment plaintiff predicates 41 assignments of error.

It appears that this road is a portion of the regular highway between Edgemont, Minnekahta, Pringle, and Custer; that the same has been used continuously and without obstruction until plaintiff, in 1914, obstructed it by gates and fences.

The trial court in one of its findings finds that the road in question, commonly known as the "old road and trail to Custer," was first used by the public as a public highway in the year 1876, and that ever since said date said trail and road has been continuously, openly, notoriously, generally, and adversely used by the public as a road and highway up to and including the time of making such finding. The court finds that at the time of the entry of plaintiff and his immediate grantor said road had been used as a public highway for more than 30 years, all of which was known to plaintiff and his said grantor at the time of his settlement on said lands. Such lands were at all times, until the entry by plaintiff's grantor, public land of the United States, and were therefore not within the proviso of section 1632, Rev. Pol. Code 1903. The court found that plaintiff had plowed up and used for his own benefit and purpose the section line road between sections 20 and 21, and that no road is maintained thereon by the county, by the public, or any private person. From the judgment and the order denying plaintiff's motion for a new trial the plaintiff has appealed to this court.

On the part of appellant it is strenuously contended that the evidence was not sufficient to justify the decision of the trial court. All these contentions have received thoughtful consideration. The rule is well settled in this court that findings of a trial court will not be set aside because of insufficiency of evidence to sustain such findings unless the record discloses a clear preponderance of evidence against such findings. We are perfectly satisfied

that no such preponderance is disclosed by the evidence in the record. On the contrary, we are inclined to the view that the findings are amply sustained by the record. Reed v. Boland, 31 S. D. 309, 140 N. W. 691; Parson v. Hanson, 39 S. D. 329, 164 N. W. 66; Huntington v. Knapp, 33 S. D. 314, 145 N. W. 1066.

The judgment and order appealed from are affirmed.

Note—Reported in 193 N. W. 143. See American Key-Numbered Digest, Appeal and Error, 1012(1), 4 C. J. Sec. 2857, 2 R. C. L. 204.