## CITY OF WATERTOWN, S. D., v. EASTERN DAKOTA ELECTRIC CO.

(Circuit Court of Appeals, Eighth Circuit. February 19, 1924.)

No. 6329.

1. **Judgment ⬤683—Judgment entitling power company to charge rates not in excess of specified amount held res judicata between city and company's assignee.**

Judgment, in action between a city and an electric light and power company, holding that an ordinance fixing maximum rate constituted a contract entitling the company to charge any rate not in excess of the specified maximum rate and that contract was not subject to impairment, *held* res judicata in city's action against the company's assignee to enjoin the assignee from charging rates in competition with the city's electric lighting plant so low as to constitute unfair competition.

2. **Judgment ⬤678(1)—Estoppel of judgment effective as to party's privies.**

The estoppel of a judgment is as effective for those privy to the parties as to the parties themselves.

3. **Judgment ⬤660—Judgment remains res judicata though overruled.**

A judgment remains res judicata though overruled in subsequent case between other parties.

4. **Constitutional law ⬤116—Supreme Court's decision overruling judgment declaring ordinance a contract held not to affect rights under the contract.**

Where the judgment in an action between a city and a power company held that an ordinance constituted a contract between the city and the company, the rights of the power company's assignee, who purchased its plant before such judgment was overruled by a decision of the Supreme Court in another case, were not affected by such decision, as a contract valid when made cannot be impaired by subsequent change of construction of the law.

Appeal from the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Action by the City of Watertown, S. D., against the Eastern Dakota Electric Company. From an interlocutory order vacating a temporary restraining order, plaintiff appeals. Affirmed.

A. L. Sherin, of Watertown, S. D. (E. D. Barron and G. J. Danforth, both of Sioux Falls, S. D., on the brief), for appellant.

James G. McFarland, of Watertown, S. D. (Frank S. Kremer, of Watertown, S. D., and Charles O. Bailey and John H. Voorhees, both of Sioux Falls, S. D., on the brief), for appellee.

Before SANBORN, Circuit Judge, and TRIEBER and MUNGER, District Judges.

TRIEBER, District Judge. This is an appeal from an interlocutory order vacating a temporary restraining order granted on an ex parte

application. The pleadings are somewhat voluminous, but as the order appealed from is based on defendant's plea of res judicata, it is only necessary to state such parts of the pleadings as apply to this plea.

The parties will be referred to as they appeared in the court below, the city as the plaintiff and the electric company as the defendant. On September 28, 1909, the plaintiff, then incorporated under a special charter, granted to William J Ferris and associates the right and privilege to erect, maintain, and operate for the period of 20 years an electric lighting and power plant in that city. This was done by ordinance No. 219. This franchise was transferred by them to the Watertown Light & Power Company, a corporation formed for the purpose of operating an electric plant, hereafter refered to as the light and power company, and by that company later transferred to the defendant, the appellee herein. Neither the special charter under which the city was incorporated, nor the ordinance granting the franchise, contained any provision giving the city the power to change the rates to be charged by the company furnishing the electricity fixed by the ordinance granting the franchise, unless the contention of counsel for plaintiff is sustained that sections 5 and 9 of Ordinance No. 219 vest that power in the city.

These sections read:

"Sec. 5. The grantee herein shall maintain purely up to date work and furnish electric current for light, heat, power or other purposes for twenty-four (24) hours each and every day continuously for seven (7) days a week under reasonable regulations, to be approved by the city council of said city, to all citizens who desire it, and are willing to pay therefor at the regular prices, but the grantee shall not be required to extend its mains more than eight hundred feet (800) to reach any one consumer, nor shall the grantees be obliged to render services to any person who may be indebted to said grantee for current furnished in any sum, until such indebtedness shall be paid."

"Sec. 9. The grantees, their heirs and assigns, shall have the right to make such rules and regulations, not in conflict herewith, with the laws of the state of South Dakota, or public policy, as may be necessary for the sale of current and the proper conduct of said business, subject to the consent and approval of the city council of said city."

Another provision in that ordinance necessary to refer to is section 7, which reads:

"Sec. 7. The grantee shall have the right to charge a maximum rate of fifteen cents per kilowatt hour for electricity furnished consumers connected to its system, but said grantee shall have the right to charge for such electricity, a less rate or rates consistent with the uses for which it may be put, and to enable said grantee to successfully compete with like systems of work or other agencies employed in lighting, heating, or other uses to which electricity may be put."

The plea of res judicata is based upon the following facts:

On May 1, 1918, defendant's grantor the light and power company, without the consent, approval, or submission to the city council of the plaintiff, raised the schedule of rates for electricity above the rates then in force, but within the maximum limits set out in Ordinance No. 219. Before then the city had surrendered its special charter and was incorporated under the general laws of the state. Thereupon the city instituted an action against the light and power company in a circuit court of the state of South Dakota, to enjoin said company from put-

ting the proposed schedule of rates into effect unless presented to and approved by its city council. With some few allegations set out in the complaint in this action, which will be referred to later, the complaint in that case and the one in this are practically identical, and the relief asked in each case is the same.

The additional allegations in the complaint in this action necessary to refer to are that by an ordinance passed by the city council on February 6, 1922, entitled No. B 90, the rates to be charged by the defendant were established, but the defendant refused to comply with them. It is also charged that the rates established by the defendant are lower than those provided by Ordinance B 90; that the object of the defendant in reducing its rates is for the unlawful purpose of preventing the city from operating the municipal electric lighting plant it had erected and put in operation. It is charged that defendant's new rates are insufficient to pay for the operating expenses of the plant and cannot enable it to earn any return whatever on its investment; that by reducing its rates so low, the municipal plant will have to reduce its charges to the same rates or lose all its customers, and to do so would result in its entire loss and confiscation; that defendant's reduction of rates is unfair competition and should be enjoined.

In the former action the defendant, the light and power company, demurred to the sufficiency of the complaint, and, the demurrer having been sustained by the circuit court, the city appealed to the Supreme Court, which affirmed the judgment of the circuit court and upon the filing of the mandate of the Supreme Court in the circuit court in which the action had been pending, and after due notice to counsel for the city, a final decree, denying the city any relief and dismissing the action, was entered.

That decree is in full force and effect. The opinion of the Supreme Court is reported in 42 S. D. 220, 173 N. W. 739, under the title City of Watertown v. Watertown Light & Power Co. The court there held: (a) That the city under its special charter had the power to contract for the furnishing of electric current to its people. (b) That the granting of the franchise, fixing a maximum rate by the Ordinance No. 219, was a contract partaking of administrative or business nature of the city and not governmental in its nature, and therefore no more subject to impairment than would be the contract of individuals. (c) That being a contract the public service corporation (the light and power company) has the absolute contractual right to charge such rates as to it may seem best, so long as it keeps within its contract by not charging in excess of the maximum price fixed thereby. (d) Such a contract could not be impaired by an amendment to the Constitution, or by a change in statutory law, nor by the fact that the city became organized under general or a special charter.

This makes it unnecessary to determine what the effect of subdivision 18 of section 6169 of the Revised Code of South Dakota of 1919, or its amendment in 1921 (Laws 1921, c. 307), is on the issue herein involved.

[1, 2] As the grantee or assignee by purchase of the light and power company plant and franchise, the defendant became privy to that com-

pany and entitled to all the rights and benefits of the decree, under Ordinance No. 219, in favor of its assignor, as the estoppel of a judgment is as effective for those privy to the parties as to the parties themselves. Cromwell v. Sac County, 94 U. S. 351, 24 L. Ed. 195; Miller v. Belvy Oil Co., 248 Fed. 83, 160 C. C. A. 223; North America Union v. Hart, 250 Fed. 390, 162 C. C. A. 460; Rader v. Star Mill, etc., Co., 258 Fed. 599, 169 C. C. A. 541. This rule of law was not questioned by counsel in the oral argument or brief.

But it is contended that this decision in City of Watertown v. Watertown Light & Power Co. has since then, on August 31, 1921, been expressly overruled by the Supreme Court of South Dakota, in City of Lead v. Western Gas & Fuel Co., 44 S. D. 510, 184 N. W. 244, and therefore it cannot be held to be res judicata.

[3] A sufficient answer to this is that overruling a former decision does not reverse the judgment duly rendered in the case overruled, or affect the rights of the parties to that decree. That judgment remains res adjudicata. As held in New Orleans v. Citizens' Bank, 167 U. S. 371, 398, 17 Sup. Ct. 905, 914 (42 L. Ed. 202):

"No principle of the law is more inflexible than that which fixes the absolute conclusiveness of such a judgment upon the parties and their privies." Southern Pacific R. R. v. United States, 168 U. S. 1, 48, 49, 18 Sup. Ct. 18, 42 L. Ed. 355; Postal Telegraph Cable Co. v. Newport, 247 U. S. 464, 475, 38 Sup. Ct. 566, 62 L. Ed. 1215.

[4] Aside from this, as the appellee purchased the plant of the Watertown Light & Power Company, so far as the record shows, before the City of Lead Case, overruling the Watertown Case, was decided, that decision can only affect such franchises in the future. The rule of law applicable is thus stated by the Supreme Court:

"The sound and true rule is, that if the contract, when made, was valid by the laws of the state as then expounded by all departments of the government, and administered in its courts of justice, its validity and obligation cannot be impaired by any subsequent action of legislation, or decision of its courts altering the construction of the law." Ohio Life & Trust Co. v. Debolt, 16 How. (57 U. S.) 432, 14 L. Ed. 997; Gelpcke v. Dubuque, 1 Wall. (68 U. S.) 175, 206 (17 L. Ed. 520).

In the last-cited case, the court, after quoting the above excerpt with approval, further held:

"The same principle applies where there is a change of judicial decision as to the constitutional power of the Legislature to enact the law. To this rule, thus enlarged, we adhere. * * * It rests upon the plainest principles of justice."

The principles enumerated in those authorities have been followed so often by all the courts, state and national, that to cite them in this opinion would unnecessarily lengthen it. The latest authority on that point is Milwaukee Ry. Co. v. Milwaukee, 252 U. S. 100, 106, 40 Sup. Ct. 306, 64 L. Ed. 476, 10 A. L. R. 892. Numerous citations of these authorities may be found in Rose's Notes and Sheppard's U. S. Citations.

The interlocutory order vacating the temporary restraining order was right on the facts as they appear from the record, and is, accordingly

Affirmed.