In re THOMPSON'S ESTATE.

THOMPSON et al, Appellants, v. THOMPSON, Respondent.

THOMPSON, Executrix, Respondent, v. THOMPSON, Appellant.

(205 N. W. 47.)

(File Nos. 5415, 5416. Opinion filed August 25, 1925.)

1. **Wills—Burden of Proof—Undue Influence—Decedents—Burden on Proponent to Show Cancellation Was Not Free Act.**

In will contest, proponent had burden of showing that claimed cancellation of will offered for probate was not testator's free act, and was procured from him by undue influence, or at a time when by reason of his physical and mental condition he was incompetent to cancel or revoke a will.

2. **Deeds—Burden of Proof—Trial—Burden Resting on Plaintiff in Suit to Set Aside Deed Stated.**

In suit to set aside deed for undue influence and mental incompetency, burden was on plaintiff to show that conveyance was not the free act of grantor, and was procured from him by undue influence or at a time when by reason of physical and mental condition he was incompetent to make a deed.

3. **Appeal and Error—Evidence—Findings—Trial Court's Function to Weigh Evidence, and Its Findings Will Not Be Disturbed Unless There Is Clear Preponderance of Evidence Against Them.**

It is function of trial court to weigh the evidence, and its findings will not be disturbed on appeal unless it appears from the record that there is a clear preponderance of evidence against them.

Appeal from Circuit Court, Minnehaha County; Hon. JOHN T. MEDIN, Judge.

Proceeding by Anton Thompson and others to contest the will of Tobias Thompson, deceased, propounded by Ella Thompson, and action by Ella Thompson, as executrix of the will of Tobias Thompson, against Alfred Thompson. Judgment for proponent in will contest, and for plaintiff in other action, and contestants appeal in will contest, and defendant appeals in other action. Affirmed.

*Krause & Krause,* of Dell Rapids, and *E. B. Skinner,* of Sioux Falls, for Appellants.

*Danforth & Barron,* of Sioux Falls, for Respondent.

CAMPBELL, J.  This is a consolidation by stipulation of two appeals.  The controversy is between Ella Thompson, widow of Tobias Thompson, deceased, on the one side, and Anton Thompson, Martin Thompson, and Alfred Thompson, brothers of deceased, on the other.  On September 24, 1918, deceased executed a will leaving all his property to his widow and naming her executrix without bonds.  On June 24, 1921, deceased suffered a third paralytic stroke, whereof he died on July 19, 1921. It is the claim of the brothers that on June 24, 1921, decedent canceled and revoked his will of 1918 and made a final testamentary disposition of all his property by deed, assignment, indorsement, and transfer, deeding one piece of real estate to each of his three brothers, Anton, Martin and Alfred, deeding the remainder of his real estate to his wife, Ella, and assigning, indorsing, transferring, and delivering to her all his personal property.  As to all the transactions of June 24, 1921, including the claimed revocation of the will and the claimed conveyances to the brothers, the widow, Ella Thompson, contends that these were not in fact the free acts of the decedent, but were procured from him without consideration and by undue influence, and at a time when by reason of his mental and physical condition he was utterly incompetent to revoke or cancel his will, execute a deed, or transact any business.

After the death of Tobias Thompson the widow offered the will of September 24, 1918, for probate, and before hearing thereon George J. Danforth was appointed special administrator of the estate of decedent, and as such special administrator immediately instituted three separate actions against the three brothers, Anton, Martin; and Alfred, to set aside the conveyances claimed to have been made to them on June 24, 1921.  Before those actions were reached for trial in the circuit court, the county court of Minnehaha county had admitted the will to probate, and issued letters testamentary thereon to Ella Thompson over the contest and opposition of the three brothers, who claimed revocation.  The contestants appealed to the circuit court.  Ella Thompson as executrix was substituted as party plaintiff in lieu of George J. Danforth, special administrator, in the three actions pending against the three brothers, respectively, and there came up for trial at the same term of the circuit court for Minnehaha county the will

contest appeal, wherein Ella Thompson was proponent and the three brothers contestants, and the three actions to set aside deeds, wherein Ella Thompson as executrix was plaintiff and the three brothers, respectively, were defendants. By stipulation the same evidence was introduced in each of the four actions. The circuit court made findings and entered judgment in favor of Ella Thompson, the proponent, in the will contest appeal, and in favor of Ella Thompson, the executrix, as plaintiff in each of the three actions to set aside deeds, and motion for new trial was made and denied in each action. It was thereafter agreed between the parties by stipulation that only two appeals should be taken, namely, the matter of the will contest and the case of Ella Thompson, as executrix, against Alfred Thompson to set aside deed, which appeals should be consolidated and briefed as one, and that the other two cases brought by the executrix against the other two brothers to set aside conveyances to them should abide the result of the appeal in the case against Alfred Thompson.

[1, 2] Under the pleadings, admissions, stipulations, and undisputed facts in these two cases, the burden of proof in each case was upon the widow, Ella Thompson. This burden was upon her as proponent in the will contest to show that the claimed cancellation was not the free act of the testator, and was procured from him by undue influence, or at a time when by reason of his physical and mental condition he was incompetent to cancel or revoke a will; and in the other case the same burden was upon her with reference to the claimed conveyance by testator to his brother Alfred. The trial court found in each case that the widow had sustained this burden, and the only question on these appeals is as to the sufficiency of the evidence to sustain the findings below.

[3] We have examined with care the able briefs of counsel and the evidence in the case as set out in the record. No useful purpose would be served by detailing the same here. It is sufficient to say that there is a substantial conflict in the evidence as to the condition of the decedent and as to the attendant circumstances at the time it is claimed that he executed the deeds in question and revoked his will. It is a well-established rule of this court that it is the function of the trial court to weigh the evidence, and that the findings of the trial court will not be disturbed

on appeal unless it appears from the record that there is a clear preponderance of evidence against them.   Gunsul v. Gunsul, 47 S. D. 388, 199 N. W. 243; Karlsson v. Odland, 46 S. D. 350, 192 N. W. 758; Serry v. Custer Co., 46 S. D. 395, 193 N. W. 143; Bank v. Taylor, 44 S. D. 508, 184 N. W. 244; Ice Co. v. Pratt, 42 S. D. 502, 176 N. W. 45; Parson v. Hanson, 39 S. D. 329, 164 N. W. 66.

We are unable to say from an examination of the record on these appeals that the findings of the trial court are against the clear preponderance of the evidence.

It follows therefore, by virtue of the settled law in this state, that the judgment and order appealed from in each case must be and they are affirmed.

Note.—Reported in 205 N. W. 47. See, Headnote (1), American Key-Numbered Digest, Wills, Key-No. 290, 40 Cyc. 1281; (2) Deeds, Key-No. 196(3), 18 C. J. Secs. 513, 515, Cancellations of Instruments, 9 C. J. Secs. 513, 515; (3) Appeal and Error, Key-No. 1012(1), 4 C. J. Sec. 2857, Trial, 38 Cyc. 1945.