In the Matter of the ESTATE of Ferris Francis JOSEPH, Deceased.

No. 12874.

Supreme Court of South Dakota.

Briefs Considered Nov. 5, 1980.

Decided April 15, 1981.

Owen R. Wipf, Wagner, for claimant and appellee.

Willy, Pruitt, Matthews, Farrell, Frankman & Johnson, Sioux Falls, on brief, for Estate and appellant.

PER CURIAM.

Claimant, Victoria Agnes Joseph, filed a proof of claim against the estate of her son, Ferris Francis Joseph (decedent). The trial court concluded that the estate was indebted to her in the amount of $5,085.39. We affirm.

Claimant is an 86-year-old Indian woman with a limited knowledge of the English language. From the fall of 1974 until the fall of 1976, she lived with decedent and Betty L. Conway, decedent's companion. The estate claims that on September 16, 1974, claimant executed a power of attorney authorizing decedent "to sign my name for all purposes whatsoever, with the same effect as if I had done so myself."

During the period that claimant lived with decedent, she received approximately $4,800 from renting agricultural lands and $170 per month from social security. Her funds were transferred between one bank account in Chamberlain and two bank accounts in Lyons. Decedent and Betty L. Conway deposited and withdrew claimant's funds from the Lyons accounts.

After decedent's death, $1,185.82 of claimant's funds remained. Betty L. Conway withdrew these funds and gave them to another of claimant's sons. Claimant filed a proof of claim; the trial court found that decedent and Betty L. Conway had failed to deposit or otherwise account for $5,085.39 of claimant's funds.

The amount of money missing from claimant's funds is not in dispute; the use that the money was put to is. Of the $5,085.39 missing, $1,056.80 represented the amount of social security that claimant should have received from July, 1977 through November, 1977. Although claimant did not live with decedent during this time, the checks were addressed to decedent's home. Betty L. Conway testified that she forwarded the checks to claimant or claimant's son, Alex. Claimant and Alex denied receiving the checks.

The estate argues that the remaining $4,028.59 missing was used at claimant's direction or for her benefit and that the power of attorney ratified and confirmed each act performed with respect to those funds. Claimant denies this and argues that decedent and Betty L. Conway used the $4,028.59 for their own purposes.

In *First National Bank of Egan v. Taylor*, 44 S.D. 508, 184 N.W. 244 (1921), we said:

The vital question presented is the sufficiency of the evidence to sustain the findings of fact. The evidence is voluminous and quite conflicting, and it will serve no useful purpose to make a resume thereof in this opinion. This appeal involves only questions of fact. On numerous occasions this court has held that it will not disturb findings of the trial court based on conflicting testimony. In this case the learned trial court saw and heard the witnesses testify, observed their de-

meanor on the witness stand, and gave such credence thereto as he deemed the same entitled.

We are convinced that the same principles apply to this case. We cannot say that the findings of fact are clearly erroneous. SDCL 15–6–52(a). Consequently, the judgment is affirmed.